UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13746-GAO

IRIS FRANCIS,
Plaintiff,

v.

BETH ISRAEL DEACONESS MEDICAL CENTER,
Defendant.

ORDER
May 26, 2016

O'TOOLE, D.J.

The plaintiff, Iris Francis, has brought suit against her former employer, Beth Israel Deaconess Medical Center, raising unidentified claims related to her termination from employment. The plaintiff alleges that around 2010, after seventeen years of service and substantial emergency call duty, she was terminated "wrongfully and unjustly." (Compl. 3 (dkt. no. 1).) According to the plaintiff, the defendant has a policy of maintaining for each employee a single bank of paid time off which includes holidays and sick days. She alleges that even if an employee produces a doctor's note, an absence can be characterized as "unscheduled" and that an employee can be fired for unscheduled absences. She alleges that she once was sick for three days and produced a doctor's note, but her absence was nonetheless characterized as "unscheduled." She also claims that she was falsely accused of being late to work while on call.

The defendant has moved to dismiss the complaint, primarily under Federal Rule of Civil Procedure 12(b)(6). A complaint will withstand a motion to dismiss under Rule 12(b)(6) only if it contains sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff fails to state

a claim when she does not proffer "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quotation omitted). Although the Court is obliged to construe liberally a *pro se* filing, *pro se* status "does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted).

To the extent that the plaintiff asserts claims under the Family and Medical Leave Act, the Fair Labor Standards Act, or Americans with Disabilities Act, those claims fail because they are either untimely under the applicable statute of limitations, see 29 U.S.C. § 2617(c) (FMLA); id. § 255(a) (FLSA), or because the plaintiff did not exhaust the administrative process prior to suing in federal court, see Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999) (ADA).

Although the plaintiff attached to her complaint materials related to proceedings before the Massachusetts Commission Against Discrimination in which she alleged discrimination on the basis of race, it does not appear that she seeks to advance a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, before this Court. She does not make any allegations in the body of her complaint that would plausibly state a claim for relief under Title VII. When confronted with this deficiency by the defendant, the plaintiff responded generally to the motion to dismiss but did not try to clarify or supplement any potential Title VII claim. Furthermore, at oral argument, the plaintiff made no indication that she sought to raise a Title VII claim, despite efforts by the Court to understand her allegations in that respect.

Consequently, the Court concludes that the plaintiff has failed to state a claim for which relief may be granted. The defendant's Motion to Dismiss (dkt. no. 9) is GRANTED and the case is DISMISSED. The Clerk shall mail a copy of this Order, together with a copy of the docket, to the plaintiff.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge